UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS NOVIK and PATRICIA NOVIK,<br><br>            Plaintiffs,<br>   v.<br><br>KLEEN ENERGY SYSTEMS, LLC, O&G INDUSTRIES, INC., KEYSTONE CONSTRUCTION & MAINTENANCE SERVICES, INC., BLUEWATER ENERGY SOLUTIONS, INC., POWER PLANT MANAGEMENT SERVICES LLC, WORLEY PARSONS GROUP INC., ALGONQUIN GAS TRANSMISSION LLC, SPECTRA ENERGY OPERATING COMPANY LLC, SPECTRA ENERGY TRANSMISSION LLC, SPECTRA ENERGY CORP. and SIEMENS ENERGY INC.,<br><br>            Defendants. | 3:10-CV-01313 (CSH)<br><br><br><br><br><br><br><br>MARCH 25, 2013 |

**MEMORANDUM AND ORDER**

**HAIGHT, Senior District Judge:**

**I.      INTRODUCTION**

Plaintiffs Nicolas and Patricia Novik have brought this action against multiple defendants: Kleen Energy Systems, LLC; O&G Industries, Inc.; Keystone Construction & Maintenance Services, Inc.; Bluewater Energy Solutions, Inc.; Power Plant Management Services LLC; Worley Parsons Group, Inc.; Algonquin Gas Transmission LLC; Spectra Energy Operating Company LLC; Spectra Energy Transmission LLC; Spectra Energy Corp; and Siemens Energy Corp.

1

Plaintiffs' claims stem from an explosion that occurred on February 7, 2010 at what Plaintiffs describe in their Second Amended Complaint[1] as "a natural gas powered plant in Middletown, Connecticut." [Doc. 135] at ¶12.  Plaintiffs state that during a procedure by which "some of all of the 561 pipelines at the plant site" were flushed with "large amounts of natural gas under very high pressure through the pipelines for the purpose of removing debris," *id.* at ¶18, "natural gas being purged was caused to ignite and explore," *id.* at ¶21, thereby causing "serious physical and other injuries to plaintiff Nicholas Novik." *Id.* at ¶22.  As a result, Plaintiffs seek compensatory damages of not less than $6,000,000.00 plus costs for Plaintiff Nicholas Novik's "financial losses and reduction in his ability to carry on life's activities," as well as for losses "of affection, care, companionship and consortium" to Plaintiff Patricia Novik, wife to the named Plaintiff.  In addition, Plaintiffs seek such other relief this Court might deem appropriate or to which the Plaintiffs are entitled by law.  *Id.* at ¶45.

In their Second Amended Complaint, Plaintiffs have asserted that this Court has subject matter jurisdiction based on diversity of citizenship.[2] [Doc. 135] at ¶¶2-10.  The action is said to lie under 28 U.S.C. § 1332(a)(1), which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States. . . . ".[3]  As set forth below,

---

[1] Plaintiffs' Second Amended Complaint is the operative pleading in this matter.

[2] Plaintiffs also state that venue is proper pursuant to 28 U.S.C. § 1391(a) "in that a substantial part of the events or omissions giving rise to [P]laintiffs' claims occurred in this District; the accident at issue occurred in this District; and one or more of the [D]efendants has a principal place of business in this District." [Doc. 135] at 3.

[3] The element of jurisdictional amount is satisfied.  As set forth *supra*, Western seeks damages well in excess of $75,000. [Doc. 135] at 6-7.

however, Plaintiffs have failed to allege sufficient facts to establish that such diversity of citizenship exists. The Court therefore mandates confirmation of the citizenship of all parties.[4]

## II. SUBJECT MATTER JURISDICTION

In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. That proposition is so fundamental that the obligation to inquire into the existence of subject matter jurisdiction falls upon a court of appeals, even if the issue was not raised or considered in the district court. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 108, 111 (2d Cir. 1997) ("Even if Ace challenges only the

---

[4] The Court notes that Plaintiffs' Second Amended Complaint alleges no facts or circumstances that potentially give rise to a federal claim arising under the Constitution or federal statute. Accordingly, there is no "federal question" subject matter jurisdiction under 28 U.S.C. § 1331.

sufficiency of Transatlantic's complaint, we are entitled at any time *sua sponte* to delve into the issue of whether there is a factual basis to support the District Court's exercise of subject matter jurisdiction"; case "remanded to the District Court for further fact-finding on the issue of whether the case falls within the admiralty jurisdiction."). It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a)(1), the plaintiffs' citizenship(s) must be diverse from the citizenship(s) of all defendants. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is August 17, 2010.

In the case at bar, the Second Amended Complaint (hereinafter "SAC") alleges that Plaintiffs allege that they are "citizens of the State New Jersey." Therefore for diversity to exist in this action, no defendant may be a citizen of the state of New Jersey.

Plaintiffs' statements concerning each Defendant's citizenship fall short of demonstrating the Court's subject matter jurisdiction in this action for the following reasons.

The first problems arise out of Plaintiffs' designation in the SAC's caption of five of the Defendants as an "LLC." These five parties defendant are Kleen Energy Systems LLC; Power Plant Management Services LLC; Algonquin Gas Transmission LLC; Spectra Energy Operating Compay

4

LLC; and Spectra Energy Transmission LLC. The body of the Complaint reiterates the LLC designation with respect to each of these Defendants. However, the only additional jurisdictional allegations relate to each party's state of incorporation and the state where the party maintains "*a* principal place of business" (emphasis added). Thus as to Defendant Kleen Energy Systems LLC, the SAC alleges at ¶ 2 that it is "a corporation organized under the laws of Connecticut with a principal place of business in the State of Connecticut." As to Defendant Power Plant Management Services LLC, ¶ 6 of the SAC alleges only that it "is a limited liability corporation with headquarters in the State of Texas and which is not organized under the laws of the State of New Jersey." Comparable allegations are made in connection with the Defendant Algonquin LLC and the two Defendant Spectra LLCs: ¶ 8 of the SAC alleges that all of these "are Delaware corporations with a principal place of business in the State of Texas."

With respect to named parties defendant identified as LLCs, the SAC fails to comply comply with the well-settled requirements of jurisdictional pleading in such cases. The diversity statute, 28 U.S.C. § 1332(c)(1), provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . " Presumably the Plaintiffs at bar had that provision in mind when drafting the jurisdictional allegations just quoted, but such allegations are insufficient in respect of an LLC, the legal shorthand for "limited liability company." In *Handelsman v. Bedford Village Associates L.P.,* 213 F.3d 48, 51-52 (2d Cir. 2000), the Second Circuit held that "for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership," so that "for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners." (citations omitted).

The SAC in the case at bar does not allege the names and the citizenship of the individuals who at the time suit was commenced (the relevant date for jurisdictional analysis) held equity interests in any of the five defendants. That defect in pleading must be remedied, following such investigations as the circumstances may require, before the Court can perform its own *sua sponte* evaluation of whether subject matter based upon diversity of citizenship exists in this case. Assuming *arguendo* that the Plaintiffs adequately allege their own citizenship as that of New Jersey, the question that arises is whether any member of any of the five LLC Defendants was a citizen of New Jersey when the initial complaint was filed. If that question be answered in the affirmative, total diversity among the parties is destroyed, and the case must be dismissed by this federal court for lack of subject matter jurisdiction, a dismissal that would be without prejudice to the merits.

A further defect in the SAC's jurisdictional allegations is found in the repeated allegation that a particular corporation (*not* one of the LLCs) has "*a* principal place of business" in a particular State (emphasis added). That form of wording at least suggests the possibility that the corporation has more than one "principal place of business," but the plain wording of § 1332(c)(2) of the diversity statute makes it clear that while a corporation may be incorporated in more than one State, it can have only one *"principal* place of business." The SAC must be repleaded, again after appropriate inquiry, in order to address this ambiguity.

### III.    MOTION TO DISMISS

As noted *supra*, Plaintiffs bring this lawsuit against multiple Defendants. Two of these Defendants, Spectra Energy Corp. and Spectra Energy Transmission, LLC (hereafter "Spectra Defendants") have filed a Motion to Dismiss as to them, on the ground that the Court lacks personal

jurisdiction over them, pursuant to Fed. R. Civ. P. 12(b)(2). [Doc. 141] at 1; [Doc. 141-1] at 1.[5]

Plaintiffs requested and were granted two extensions of time in which to respond to the Spectra Defendants' Motion to Dismiss; the second extension created a deadline of July 31, 2012 by which time Plaintiffs were to respond to Defendants' Motion. [Doc. 145]. Although throughout this case Plaintiffs have been represented by counsel, they have not yet filed any brief in response to the Spectra Defendants' Motion to Dismiss despite the fact that the deadline for their doing so passed over seven months ago. The Spectra Defendants' Motion to Dismiss is therefore ripe.

However, so long as the Court's subject matter jurisdiction in this action is in doubt, it would be inappropriate for the Court to rule on any procedural or substantive issue between the parties. In consequence, these Defendants' Motion to Dismiss the action as to them [Doc. 141] is DENIED WITHOUT PREJUDICE. In the event that the question of the Court's subject matter jurisdiction is resolved in favor of jurisdiction, the Spectra Defendants may refile such motion with the Court.

## IV. CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiffs to file and serve proof resolving the several questions concerning the existence of subject matter jurisdiction, as discussed in this Ruling. The proof must be sufficient to support an "on information and belief" assertion which satisfies an attorney's obligations under Rule

---

[5] Plaintiffs state in their Second Amended Complaint that Defendant Spectra Energy Corp. and Defendant Spectra Energy Transmission, LLC, along with two other Defendants, Spectra Energy Operating Company, LLC and Algonquin Gas Transmission LLC, "were part of the process of administering, controlling, selecting or otherwise recommending" the program that included the gas flushing procedure described *supra*. [Doc. 135] at ¶8. These other two Defendants – i.e., Spectra Energy Operating Company, LLC and Algonquin Gas Transmission LLC –  filed a joint Answer and Affirmative Defenses in response to Plaintiffs' Second Amended Complaint on April 9, 2012. [Doc. 140]. On the same day, the Spectra Defendants filed their Motion to Dismiss. [Doc. 141].

11, Fed. R. Civ. P.  Those submissions must be made on or before **June 14, 2013**, unless the Court extends that time for good cause shown.

In the interim, the Motion to Dismiss [Doc. 141] is DENIED WITHOUT PREJUDICE, and all proceedings in this case are STAYED, pending the Court's further Order.

It is SO ORDERED.

Dated:  New Haven, Connecticut
       March 25, 2013

                                      */s/Charles S. Haight, Jr.*
                                      Charles S. Haight, Jr.
                                      Senior United States District Judge